█ In the Matter of ROBERT LESTERWICK, JR., an Attorney, Respondent. QUEENS COUNTY BAR ASSOCIATION, Petitioner.— This is a proceeding to discipline respondent, an attorney, for professional misconduct. A petition setting forth three basic charges against respondent was duly filed. The respondent filed his answer to the petition and a cross motion to dismiss the petition which was denied. Thereupon the issues arising were referred to Honorable PETER M. DALY, a Justice of the Supreme Court, for hearing and report. Mr. Justice DALY has now filed his report in which he has, *inter alia,* found that: (1) the respondent defaulted in appearing before the petitioner's Committee on Grievances (although several adjournments were taken to afford him the opportunity to appear) and failed to give the committee any information or furnish any documents while investigating complaints of professional misconduct against him; (2) after the procurement of subpœnas duces tecum issued out of this court directing respondent's appearance before said committee with the documents enumerated therein and, after being duly served, respondent failed to obey said subpœnas; (3) respondent served petitioner with a number of irrelevant documents which had no legal validity — respondent's purpose being to challenge everything the committee was doing and his actions serving only to confuse the issues and to hinder and delay the committee in its investigation; (4) respondent brought a proceeding under article 78 of the CPLR to enjoin the petitioner from proceeding with its investigation, which proceeding was dismissed; (5) respondent instituted an action against petitioner to recover alleged damages of $3,000,000, which was also dismissed; (6) a hearing before him, Mr. Justice DALY, was noticed for October 23, 1964 in order to set a date for further proceedings but respondent failed to appear and then served a notice of appeal to the Court of Appeals

from the order of reference, such appeal having been disregarded, however, by Mr. Justice DALY since no appeal could be taken as a matter of right; (7) thereafter, on November 9, 1964, respondent served another notice of appeal to said court and then moved before this court — the Appellate Division — to vacate the order of Mr. Justice DALY fixing the adjourned date for a hearing, such motion being denied; (8) respondent then served a notice of appeal to the Court of Appeals from the order denying the last motion, which appeal could not be taken as of right, nor was permission granted; and (9) respondent's maneuvers as aforesaid " constituted a series of defiant efforts to thwart this investigation and hold the courts in contempt." Despite respondent's dilatory tactics and deliberate defaults, Mr. Justice DALY proceeded with the hearings upon the three basic charges against respondent. All the charges are founded upon and are the direct result of respondent's malpractice, fraud and neglect in his relations with two clients. The first charge as to which proof was taken was based on the complaint of one Katherine Kearns who retained respondent to bring various actions and paid him fees totaling $400. With respect to this client, Mr. Justice DALY found that respondent commenced some litigation on her behalf, but through carelessness the same was never noticed for trial and was dismissed. Although demand was made, respondent failed to return said fees, and the client was required to obtain other counsel at additional expense. The second charge as to which proof was taken was based on the complaint of one Roland who retained respondent to locate his missing aunt, and paid him a fee therefor. Mr. Justice DALY found that when the respondent did not locate the missing aunt and refused to return the payment, this client secured a judgment against respondent in the Small Claims Court, which judgment has not been paid. The third charge sought as to which proof was taken was based on the complaint by said Roland who claimed that without his knowledge, authority or consent, the respondent, before the Board of Veterans' Appeals of the Veterans' Administration, held himself out to be his attorney, and that the consequence of such intervention was to prejudice and halt the rendering of a decision in favor of this client after his claim for a pension had already been heard and reviewed. After various hearings before Mr. Justice DALY, at which many exhibits were received in evidence and at which the testimony of various members of the petitioner's Grievance Committee, as well as the testimony of the said clients, was heard, Mr. Justice DALY decided the issues in favor of the petitioner. He concluded that the respondent failed to present any defense; that he has flouted and has been contemptuous of the petitioner, Mr. Justice DALY and this court; and that, based on frivolous grounds, he has challenged the actions of this court and has asserted that this court does not have jurisdiction over him or his conduct. Mr Justice DALY further specifically found that respondent was guilty of a number of violations of the Canons of Ethics; he failed to obey several subpœnas issued out of this court; he failed to obey the orders of the court; he failed to co-operate with the petitioner in the investigation; he made false statements concerning actions he was retained to bring on behalf of Miss Kearns; he neglected the actions which he had commenced by reason of his failure to appear before the Special Referee appointed to pass on the question of the service of a summons in an action; he demanded additional fees and attempted to inject himself into Roland's application for a pension before the Veterans' Administration; and that all of " these transgressions establish that the respondent may be no longer entitled to practice the legal profession." The motion to confirm the report of Mr. Justice DALY is granted; the report and the findings are confirmed. In our opinion, under all the circumstances disclosed by this record, respondent should be and he hereby is disbarred and his name is directed to be struck from

the roll of attorneys and counselors at law, effective upon the date of the entry of the order hereon. Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.